UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
DOUGLAS JONES,                )
                              )
            Plaintiff,        )
                              )
        v.                    )  Civil Action No. 13-814 (EGS)
                              )
OTTENBERG'S BAKERS, INC.,     )
ET AL.                        )
                              )
            Defendants.       )
_____)

## MEMORANDUM OPINION

Plaintiff Douglas Jones brings this action alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against Ottenberg's Bakers ("Ottenberg's") and its president, Ray Ottenberg. Plaintiff initially brought this lawsuit in the Superior Court for the District of Columbia. On May 31, 2013, the defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. Pending before the Court is defendants' motion to dismiss. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Court **GRANTS IN PART AND DENIES IN PART** defendants' motion.

I.  BACKGROUND

Plaintiff, an African-American male, was employed by defendants as a delivery driver for twelve years. First Amended

Compl. ¶¶ 4, 7.[1] His complaint centers on the events of July 11, 2008, when his parked delivery truck was hit from behind by another vehicle, throwing him to the floor of the truck and injuring him. *Id.* ¶¶ 9-10. After the accident, Mr. Jones returned to the defendants' bakery, where he was ordered to take a drug test pursuant to a company policy which mandates that employees who were "involved in an accident and may have caused/contributed to the accident" take a drug test. *Id.* ¶¶ 11, 12. Mr. Jones alleges that he "did not in any way cause or contribute to the accident, as his vehicle was legally parked and he was inside the truck, in the back, preparing for his next delivery." *Id.* ¶ 13. Accordingly, Mr. Jones alleges that defendants violated their own policy by ordering that he take a drug test. *Id.* ¶ 23. Plaintiff was ultimately terminated from employment for failing to take the drug test. *Id.* ¶¶ 14, 24.

Mr. Jones alleges that the defendants' decisions to "instruct Plaintiff to take a drug test," and "terminate Plaintiff's employment" for failing to do so, were racially motivated. *Id.* ¶¶ 28-30. He also alleges that "Caucasian drivers who had been involved in accidents" were treated differently. *Id.* ¶ 15; *see also id.* ¶ 19.

---

[1] Citations to "First Amended Compl." refer to plaintiff's amended complaint. Dkt. No. 1-1 at 3-9. Citations to "Compl." refer to plaintiff's initial complaint. Dkt. No. 1-1 at 102-07.

On July 22, 2008, Mr. Jones filed a formal complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Ottenberg's discriminated against him based on his race, national origin, and age, and that Ottenberg's retaliated against him for engaging in protected activity. Pl.'s EEOC Compl., Dkt. No. 1-1 at 45. Plaintiff supplemented his EEOC complaint on September 4, 2008. *See* Pl.'s Amended EEOC Compl., Dkt. No. 1-1 at 48-60.

The EEOC referred Mr. Jones's complaint to the District of Columbia Office of Human Rights. On August 8, 2012, that office found no probable cause to support plaintiff's claims. *See* Letter of Determination, Dkt. No. 1-1 at 77. The EEOC adopted that determination on November 26, 2012 and issued a Dismissal and Notice of Rights, which informed Mr. Jones of the relevant deadlines for filing a civil action:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.

EEOC Notice, Dkt. No. 1-1 at 27 (emphasis in original).

The record does not reflect when Mr. Jones received the Notice, but on January 17, 2013, 52 days after the EEOC issued it, he filed this lawsuit in the Superior Court for the District of Columbia, asserting that defendants terminated him because of his race in violation of the District of Columbia Human Rights

3

Act. Compl. ¶¶ 1, 17-32. Defendants moved to dismiss that complaint on March 29, 2013. Defs.' Mot. to Dismiss Initial Compl., Dkt. No. 1-1 at 30-33. In opposing that motion, plaintiff argued that the complaint pled "a cause of action under Title VII" but that "Plaintiff's counsel only cited to the D.C. Human Rights Act." Pl.'s Opp. to Defs.' Mot. to Dismiss Initial Compl., Dkt. No. 1-1, at 18. The Superior Court permitted plaintiff to amend his complaint. Order, Dkt. No. 1-1 at 11-12.

On May 9, 2013, 164 days after the EEOC issued its Notice, plaintiff filed his First Amended Complaint, which is identical to his initial complaint, except that all references to the D.C. Human Rights Act were replaced with references to Title VII. *Compare* Compl., *with* First Amended Compl. On May 31, 2013, defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. Defendants moved to dismiss on June 6, 2013. That motion is ripe for the Court's decision.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds

4

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted; alteration in original). While detailed factual allegations are not necessary, plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Id.*

When ruling on a Rule 12(b)(6) motion, the court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).[2] The Court must construe the complaint liberally in plaintiff's favor and grant plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court

---

[2] In their briefs, the parties refer to four documents that were neither attached to nor referenced in the plaintiff's complaint, but were transmitted to this Court as part of the Superior Court record. *See* Defs.' Mem. in Supp. of Mot. to Dismiss First Amended Compl. ("Mem."), Dkt. No. 4-1 at 1-4; Pl.'s Opp. to Mot. to Dismiss First Amended Compl. ("Opp."), Dkt. No. 5 at 2-3. Defendants ask the Court to consider these documents without converting the motion into one for summary judgment. *See* Mem. at 2 n.2. The Court will consider plaintiff's EEOC Complaint, plaintiff's Amended EEOC Complaint, the August 8, 2012 Letter of Determination, and the November 26, 2012 EEOC Notice in evaluating the timeliness of plaintiff's claims, which it may do without converting the motion into one for summary judgment. *See, e.g.*, *Burkes v. Holder*, __ F. Supp. 2d __, 2013 WL 3685016, at *3 n.3 (D.D.C. July 15, 2013); *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 & n.2 (D.D.C. 2011). The Court declines to consider these documents in evaluating defendants' other arguments.

must not accept plaintiff's inferences that are "unsupported by the facts set out in the complaint." *Id.* "Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**III. ANALYSIS**

Defendants raise three arguments in their motion to dismiss: (1) that plaintiff's Title VII claim was not timely filed, (2) that plaintiff fails to state a claim against Ray Ottenberg, and (3) that plaintiff fails to state a Title VII discrimination claim.[3] The Court addresses each argument in turn.

**A. Plaintiff's Complaint Was Timely Filed.**

Upon receiving the November 26, 2012 EEOC Notice, plaintiff had 90 days within which to file a civil action to challenge the EEOC decision. *See* 42 U.S.C. § 2000e-5(f)(1) (employees must file a civil action "within 90 days after the giving of such notice [of final action]"). When, as here, the record does not reflect when the notice was received, courts generally assume

---

[3] Defendants state in a footnote that "[t]here is also an issue of defective service of process in this case. Although the process server's affidavit states that he served the original summons and complaint on Ray Ottenberg on February 6, 2013, Mr. Ottenberg was not personally served." Mem. at 3 n.3. Because defendants provide no citation or support for this argument, the Court declines to consider it. *See Hutchins v. District of Columbia*, 188 F.3d 531, 539 n.3 (D.C. Cir. 1999) ("We need not consider cursory arguments made only in a footnote.").

6

that it was received either three or five business days after it was issued. *See Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 171 (D.D.C. 2011). It is irrelevant which presumption the Court applies here. Plaintiff's initial complaint was filed well within the deadline on January 17, 2013. Plaintiff's amended complaint, which raised his Title VII claim for the first time, was filed well outside the deadline on May 9, 2013. Accordingly, if plaintiff's claim is measured with respect to the initial complaint, it is timely; if not, it is untimely.

Plaintiff argues that his Title VII claim relates back to the date on which the initial complaint was filed because the amended complaint alleged identical facts and merely "add[ed] the appropriate citations to Title VII." Opp. at 6. Defendants contend that plaintiff's amended complaint "inserted a completely new federal claim, effectively filing a new complaint under the guise of an amendment." Defs.' Reply ("Reply"), Dkt. No. 6 at 1. The Court agrees with the plaintiff.

Under Federal Rule of Civil Procedure 15(c), an amended pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." In this Circuit, claims added to amended complaints are not permitted to relate back to initial complaints if such claims "attempt[] to introduce a new

7

legal theory based on facts different from those underlying the timely claims." *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002); *see also Caudle v. Thomason*, 942 F. Supp. 635, 641-42 (D.D.C. 1996) (rejecting relation back of amended complaint seeking damages for slander, when the original complaint sought damages only for libel and made no reference to slanderous remarks by an individual implicated in the amended complaint).

Where an amended complaint is logically related to, and seeks recovery for, the same acts alleged in the initial complaint, however, this Court permits the later complaint to relate back to the earlier. *See, e.g.*, *Palmer v. Homecomings Fin. LLC*, 677 F. Supp. 2d 233, 240 (D.D.C. 2010) (claim that lender discriminated against plaintiff during loan refinancing related back to earlier claims that lender otherwise mistreated plaintiff in connection with the refinancing because plaintiff "essentially ascribed a different motive to the same set of facts"); *Kun v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 949 F. Supp. 13, 16-18 (D.D.C. 1996) (employee's poorly drafted amended complaint related back to earlier timely filed complaint because it sought recovery for the same alleged acts of employment discrimination set forth in the earlier complaint). Ultimately, "[t]he underlying question is whether the original complaint adequately notified the defendants of the basis for

liability the plaintiff[] would later advance." *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008).

Plaintiff's claim that his employer's decision to fire him for refusing to take a drug test violated Title VII is all but identical to his initial claim that the same decision violated the D.C. Human Rights Act. Both are based on identical factual allegations: that plaintiff was fired for refusing to take a drug test after an accident for which he was not at fault and that Caucasian drivers involved in accidents were treated differently. *See* Compl. ¶¶ 1-16; First Amended Compl. ¶¶ 1-16. Both claims allege the same legal wrong: that these decisions were racially discriminatory. *See* Compl. ¶¶ 17-32; First Amended Compl. ¶¶ 17-32. At a minimum, the initial complaint "notified the defendants of the basis for liability" raised in plaintiff's amended complaint. *Meijer*, 533 F.3d at 866. *Compare Jones v. Bernanke*, 557 F.3d 670, 675 (D.C. Cir. 2009) (declining relation back where the "original complaint nowhere even mention[ed] . . . the factual basis for [plaintiff's] discrimination claims").

Defendants argue that plaintiff "effectively fil[ed] a new complaint under the guise of an amendment," Reply at 1, but this argument relies on cases wherein courts declined to relate an amended complaint back to the date on which an entirely different lawsuit was filed. *See Neverson v. Bissonnette*, 261 F.3d 120, 126 (1st Cir. 2001); *Stewart-Veal v. District of*

9

*Columbia*, 896 A.2d 232, 237 (D.C. 2006). Contrary to defendants' argument, plaintiff may substitute one legal argument for another within the same lawsuit. "The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation . . . remains the same." Charles Allen Wright, et al., *Federal Practice & Procedure* § 1497 (3d ed. 2013); *see also Mayle v. Felix*, 545 U.S. 644, 660 (2005) (relation back is appropriate where new legal theory addresses the same "episode-in-suit"). Plaintiff's Title VII claim reflects the application of a nearly identical legal theory to identical facts, and thus relates back to January 17, 2013, the date on which the initial complaint was filed. Accordingly, plaintiff's Title VII claims were timely filed and defendants' request to dismiss plaintiff's complaint as time-barred is denied.

**B.     Plaintiff Fails to State a Claim Against Ray Ottenberg.**

In addition to Ottenberg's, Mr. Jones has also sued Ray Ottenberg. Mr. Ottenberg is mentioned in the complaint only once, in paragraph 6, which alleges that he "at all times relevant hereto is [sic] the president of Defendant Ottenberg's and acted as an agent of the employer" and asserts that he "is sued both in his official capacity and personally for any actions taken outside of the scope of his agency." First Amended Compl. ¶ 6. Defendants argue that plaintiff's claims against Mr.

Ottenberg should be dismissed because the official-capacity claim is duplicative of the claim against Ottenberg's, and plaintiff alleged no facts to support the individual-capacity claim. *See* Mem. at 8; Reply at 4-5. The Court agrees.

Plaintiff correctly concedes that "Title VII claims brought against corporate officers in their 'official capacity' are dismissed as redundant." Opp. at 8. Indeed, Mr. Ottenberg "must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995). Thus, a Title VII claim against Mr. Ottenberg "essentially merges with [a] claim against [the employer]." *Id.; see also Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997) ("[b]ecause an official capacity suit against an individual is the functional equivalent of a suit against the employer, plaintiff's claims against the officers are redundant and an inefficient use of judicial resources").

Plaintiff's claim against Mr. Ottenberg as an individual also must be dismissed because plaintiff did not allege any facts to support it. The amended complaint describes Mr. Ottenberg only as "an agent of the employer." First Amended Compl. ¶ 6. But "Title VII does not impose individual liability on supervisory employees." *Gary*, 59 F.3d at 1400; *see also Craig v. District of Columbia*, 881 F. Supp. 2d 26, 36 (D.D.C. 2012)

("Individuals may not be held liable under Title VII"). Mr. Jones argues that "[w]ithout the benefit of Discovery, the Plaintiff cannot say that Mr. Ottenberg, as an individual, does not meet the definition of 'employer' under [Title VII]." Opp. at 8. This speculation, however, is belied by the assertion in plaintiff's complaint that, "at all times relevant hereto," Mr. Ottenberg served "as an agent of the employer." First Amended Compl. ¶ 4. If Mr. Jones wished to sue Mr. Ottenberg as an "employer," he should have pled as much in his complaint. For these reasons, plaintiff's claims against Ray Ottenberg are dismissed.

**C. Plaintiff States a Claim Against Ottenberg's Bakery.**

To bring an actionable discrimination claim under Title VII, Mr. Jones must establish that "(1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of discrimination." *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002) (quotation marks omitted); *see also Nguyen v. Mabus*, 895 F. Supp. 2d 158, 174 (D.D.C. 2012). Although it is well-established that "'an employment discrimination plaintiff is not required to plead every fact necessary to establish a prima facie case to survive a motion to dismiss,'" *Rodriguez v. Donovan*, 922 F. Supp. 2d 11, 17 (D.D.C. 2013) (quoting *Jones v. Air Line Pilots Ass'n*, 642 F.3d 1100, 1104 (D.C. Cir. 2011), a

plaintiff must nevertheless "plead sufficient facts to show a plausible entitlement to relief." *Id.*

It is undisputed that plaintiff's complaint alleges the first two elements of a prima facie case by asserting that he "is an African American," and that he was "terminated . . . [from employment] for failure to submit to a drug test." First Amended Compl. ¶¶ 4, 14. Defendants contend that Mr. Jones has not alleged facts that give rise to an inference of discrimination and has instead stated only legal conclusions. *See* Mem. at 7; Reply at 3-4. Plaintiff argues that his complaint sets forth sufficient facts by alleging that he "was ordered to take a drug test, after being injured in an accident which he did not cause or contribute to, in contravention of the Defendant's own policies, where similarly situated Caucasian drivers were not." Opp. at 6. The Court agrees with the plaintiff.

Plaintiff's complaint, though sometimes barebones, describes the events leading to his termination with sufficient factual particularity. It alleges, and the Court must accept as true, that Ottenberg's drug-test policy applies only when an employee "may have caused/contributed to the accident." First Amended Compl. ¶ 12. Plaintiff asserts that Ottenberg's deviated from this policy by requiring him to take a drug test when he could not have been at fault in the July 11, 2008 accident. *Id.*

¶¶ 11-13, 23. Mr. Jones further alleges that this deviation from standard procedure was motivated by race, *id.* ¶¶ 28-30, and that "Caucasian drivers who had been involved in accidents" were treated differently. *Id.* ¶¶ 15, 19. If proven, these allegations could support an inference of discrimination. Indeed, "deviations from standard procedures" may even "give rise to an inference of pretext" at the summary-judgment stage. *Harrington v. Aggregate Indus. N.E. Region*, 668 F.3d 25, 33 (1st Cir. 2012); *see also Hurlbert v. St. Mary's Health Care Sys.*, 439 F.3d 1286, 1299 (11th Cir. 2006) ("an employer's deviation from its own standard procedures may serve as evidence of pretext"). Similarly, an allegedly racially motivated deviation from standard procedure may raise an inference of discrimination at the motion-to-dismiss stage.

At this stage of the proceedings, plaintiff need only allege facts sufficient to state "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Plaintiff provided sufficient factual detail by alleging that Ottenberg's deviated from its policy by requiring him to take a drug test and terminating him for failing to do so, that this deviation was motivated by Mr. Jones's race, and that Caucasian drivers involved in accidents were treated differently. Accordingly, defendants' motion to dismiss plaintiff's claim against Ottenberg's is denied.

**IV. CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss plaintiff's complaint is hereby **GRANTED IN PART AND DENIED IN PART**. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            November 21, 2013**